UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA,
PENSACOLA DIVISION

| | |
|---|---|
| **J4 DEVELOPMENT, INC.** | |
|     **Plaintiff,** | |
| v. | Civil Action No. 3:21-cv-769 |
| **HEALTHMARK OF WALTON, INC. DBA HEALTHMARK REGIONAL MEDICAL CENTER; JAMES H. THOMPSON; AND MARY MARGARET THOMPSON** | **JURY TRIAL DEMANDED** |
|     **Defendants.** | |

**ORIGINAL COMPLAINT**

Plaintiff J4 Development, Inc. ("**J4 Development**") files this Original Complaint against Defendants Healthmark of Walton, Inc. dba Healthmark Regional Medical Center ("**Healthmark**"), James H. Thompson, and Mary Margaret Thompson (collectively, the "**Thompsons**") as follows:

### I.    NATURE OF THE ACTION AND JURY DEMAND

1. This is an action to, among other things, recover damages for breach of contract, foreclose on a construction lien, and to recover reasonable attorneys' fees and costs. A trial by jury is demanded pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### II.    JURISDICTION AND VENUE

2. Jurisdiction over the parties and subject matter of this action is proper

in this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity in citizenship of the parties and the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and/or common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendants because they are citizens of Florida, Healthmark's principal place of business is in Florida, the Thompsons, on information and belief and as the evidence is reasonably expected to show, reside in Florida and are the fee simple titleholders of the real property at issue in this action, which is located in Florida, as well as adjacent and other real property located in Florida.  In addition, the claims herein arise from contacts, acts, and a contract Healthmark entered into and performed in the State of Florida.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims in this action occurred within this District.  Further, the real property and improvements thereon at issue in this action are located in Walton County, Florida in this District and Division.

### III.   PARTIES

5. Plaintiff J4 Development is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business in Richardson, Texas.

6. Defendant Healthmark is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business at 4413 US Hwy 331 S, DeFuniak Springs, Walton County, Florida. Healthmark may be served by serving its registered agent, James H. Thompson, Ph.D., at 4413 US Hwy 331 S, DeFuniak Springs, Walton County, Florida 32583, or wherever he may be found.

7. James H. Thompson is, on information and belief and as the evidence is reasonably expected to show, a citizen of and resides in Florida, and may be served at his residence at 7383 San Ramon Drive, Milton, Florida 32583, or wherever he may be found.

8. Mary Margaret Thompson is, on information and belief and as the evidence is reasonably expected to show, a citizen of and resides in Florida, and may be served at her residence at 7383 San Ramon Drive, Milton, Florida 32583, or wherever she may be found.

### IV. FACTS

9. J4 is a full-scale construction services provider, and its services include, without limitation, providing casualty-related remediation and repair services for commercial and residential properties. Pursuant to a Service Level Agreement dated October 16, 2020 (the "**Agreement**"), J4 was hired by Healthmark to provide remediation and repair services, which included, without limitation, providing project management, labor, equipment, and materials, with respect to moisture-

caused damages to the Healthmark Regional Medical Center (the "**Work**") located at 4413 US Hwy S, DeFuniak Springs, Walton County, Florida 32435 (the "**Property**").  A true and correct copy of the Agreement is attached hereto as Exhibit "**A**" and a legal description of the Property is attached hereto as Exhibit "**B**" and both are incorporated herein by reference.

10.   On October 16, 2020, at Healthmark's request and direction, J4 began performance of the Work under the Agreement.  Among other terms, the Agreement provides for J4's weekly or bi-weekly progress billing of Healthmark with payment of invoices due "net 10", and that late payments are subject to 1.5% monthly interest. (Ex. A, Agreement, at p. 3)

11.   On October 27, 2020, Healthmark recorded a Notice of Commencement with respect to J4's Work in the Official Records of Walton County, Florida in Book 3166, Page 1450.  A true and correct copy of the recorded Notice of Commencement is attached hereto as Exhibit "**C**" and incorporated herein by reference.

12.   During the performance of the Work, J4 regularly invoiced Healthmark for J4's charges associated with the Work, including without limitation, any agreed and authorized changes, in accordance with the terms of the Agreement.  On January 7, 2021, although J4's Work under the Agreement was not yet completed, Healthmark suddenly and unexpectedly instructed J4 to immediately cease all work

and to remove all equipment and other items from the Property. J4 complied with Healthmark's instructions. The total amount of $688,257.91 (not including contractual interest charges which Healthmark owes for its failure to make timely payment) is owing, due, and immediately payable by Healthmark under the Agreement. Despite repeated demands by J4, Healthmark has failed and refused to make payment.

13. On March 4, 2021, J4 recorded its Claim of Lien in the amount of $688,257.91 in the Official Records of Walton County, Florida in Book 3186 at page 1533. A true and correct copy of the Claim of Lien is attached hereto as Exhibit "**D**" and incorporated herein by reference. J4's Claim of Lien was timely recorded within ninety (90) days of the date of the last improvements furnished by J4 to the Property.

14. On March 18, 2021, J4 served its Claim of Lien on Healthmark and the Thompsons, and Healthmark and the Thompsons received J4's Claim of Lien on such date. J4's Claim of Lien was served on Healthmark and the Thompsons within fifteen (15) days of its recording.

15. On April 14, 2021, J4 delivered its Final Payment Affidavit to Healthmark, and Healthmark received J4's Final Payment Affidavit on such date. A true and correct copy of J4's Final Payment Affidavit is attached hereto as Exhibit "**E**" and incorporated herein by reference. This action is filed more than five (5) days after the delivery and receipt of J4's Final Payment Affidavit.

16. On information and belief and as the evidence is reasonably expected to show, Healthmark, as lessee, and the Thompsons, as lessors, entered into a 99-year Lease of the real property described in Exhibit "B" hereto (the "**Real Property**") on February 24, 1998 (the "**Lease**"). On further information and belief and as the evidence is further reasonably expected to show, when the Thompsons entered into the Lease, and continuously through the date of the filing of this action, they were and are the fee simple titleholders of the Real Property. On further information and belief and as the evidence is further reasonably expected to show, after the Lease was entered into, and in accordance with the Lease, Healthmark constructed or caused the construction of the improvements currently located on the Real Property and known as the Healthmark Regional Medical Center, to which J4 furnished improvements as described herein, and Healthmark has been the operator of such medical facility at all relevant times.

17. Among other terms, the Lease **requires** Healthmark as lessee to maintain and repair the Real Property and all improvements located thereon. Specifically, the Lease provides in pertinent part as follows:

> Lessee **shall**, throughout the term of this lease, at its own cost, and without any expense to Lessor, keep and maintain the premises, including all buildings and improvements of every kind that may be a part thereof, and all appurtenances thereto, including sidewalks adjacent thereto, in good, sanitary, and neat order, condition and repair, and, except as specifically provided herein, restore and rehabilitate any improvements of any kind that may be destroyed or damaged by fire, casualty, or any other cause whatsoever. Lessor shall not be obligated

   to make any repairs, replacements, or renewals of any kind, nature, or description whatsoever to the demised premises or any buildings or improvements thereon.

(emphasis added).  The improvements which Healthmark contracted with J4 to furnish were made by Healthmark as lessee in accordance with its Lease with the Thompsons as lessors.

  18. In addition, the Lease does not contain any provision expressly prohibiting the Thompsons' interest in the Property from being subject to liens for improvements made by Healthmark as lessee.  In fact, the Lease expressly recognizes and acknowledges that liens may be filed on the Property, and expressly addresses Healthmark's rights and obligations in the event of such occurrence.

## V. CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

  19. J4 repeats and realleges the allegations set forth in paragraph numbers 1 - 18 above and incorporates the same as if fully set forth herein.

  20. J4 and Healthmark entered into a valid and enforceable contract (i.e., the Agreement).

  21. J4 performed all of its obligations under the Agreement through January 7, 2021.

  22. Healthmark breached the Agreement by failing to pay all amounts due and owing to J4 for the Work provided and performed by J4 under the Agreement

through January 7, 2021.

23. Healthmark's breach of the Agreement caused injury to J4.

24. J4 is entitled to recover all compensatory, actual, general, consequential, and special damages resulting from Healthmark's breach of the Agreement.

## COUNT II
### (Foreclosure)

25. J4 repeats and realleges the allegations set forth in paragraph numbers 1 - 18 above and incorporates the same as if fully set forth herein.

26. J4 has a perfected lien on the Property (both the leasehold estate and the fee simple estate) and is entitled to all remedies available under Chapter 713 of the Florida Statutes, including, without limitation, an order that a sale of the Property be held to satisfy J4's lien if the amount due J4 is not paid within the time set by this Court.

## VI.  CONDITIONS PRECEDENT

27. All conditions precedent have occurred or have been performed, excused, or waived, including without limitation, under Chapter 713 of the Florida Statutes.

## PRAYER

**FOR THESE REASONS**, Plaintiff J4 Development, Inc. respectfully requests the following relief:

a) Judgment against Defendant Healthmark of Walton, Inc. and in favor of J4 Development, Inc. for all compensatory damages for its claim against Healthmark for breach of the Agreement, including all actual, general, consequential, and special damages;

b) Ordering an accounting of the sum due J4 under the Agreement and under the judgment;

c) Declaring J4 to have a lien on the Property, including without limitation, the leasehold estate and the fee simple estate;

d) Ordering a sale of the Property (both the leasehold estate and the fee simple estate) to satisfy J4's lien if the amount due J4 is not paid within the time set by this Court;

e) Foreclosing, if any, the right(s), title(s), interest(s), and lien(s) of Defendants and all parties claiming by, through, under, or against them since the filing of the Notice of Lis Pendens, filed contemporaneously with the filing of this action;

f) Entering a deficiency judgment for J4 against Healthmark if the proceeds of sale are insufficient to pay the sum due J4;

g) Awarding J4 reasonable attorneys' fees incurred through the trial of this action and the entry of final judgment herein as well as any post-judgment proceedings herein and such reasonable attorneys' fees as may be incurred

by J4 through any appeal, and court costs;

h) Awarding pre-judgment and post-judgment interest at the maximum rate allowed by law; and,

i) Awarding any and all further relief to which J4 may show itself entitled.

Dated:  May 13, 2021

Respectfully submitted,

**SPENCER FANE LLP**

By: **/s/ J. Kirby McDonough**
J. Kirby McDonough
FL Bar No.79031
kmcdonough@spencerfane.com
201 North Franklin Street, Suite 2150
Tampa, FL 33602
Telephone:  813-424-3501
Facsimile:   813-405-8904

**ATTORNEYS FOR PLAINTIFF**
**J4 DEVELOPMENT, INC.**